# EXHIBIT 1

Marc W. Garbar (NJ Bar No. 040621995)
**BRANDON J. BRODERICK LLC**
Attorneys for Plaintiff
65 State Route 4 East
River Edge, NJ 07661
(201) 853-1505

---------------------------------------------------------x

| | |
|---|---|
| RICHARD PARTRIDGE, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: BERGEN COUNTY |
|                    Plaintiff, | DOCKET NO. |
| | |
| v. | CIVIL ACTION |
| | |
| | **COMPLAINT AND DEMAND FOR** |
| VENUS CONCEPT USA, INC., | **TRIAL BY JURY** |
| CHAD ZARING, DAVID WALDEN, | |
| and JOHN AND/OR JANE DOES | |
| 1-20 (Names Being Fictitious), in | |
| their individual and corporate | |
| capacities, and as aiders and abettors, | |
| | |
|                    Defendants. | |

---------------------------------------------------------x

Plaintiff, through his attorneys, Brandon J. Broderick, LLC, respectfully complains against defendants, as follows:

## THE PARTIES

1.      Plaintiff, Richard Partridge ("plaintiff" or "Partridge"), is an individual residing in the State of New Jersey and can be reached through his attorneys at 65 State Route 4 East, River Edge, New Jersey 07661.

2.      Defendant, Venus Concept USA, Inc. ("Venus" or "defendant Venus"), is a corporation with substantial operations in the State of New Jersey.

3.      Upon information and belief, defendant Chad Zaring ("Zaring" or "defendant Zaring") was, at all times relevant to this Complaint, Venus' Chief Commercial Officer.

1

4.     Upon information and belief, defendant David Walden ("Walden" or "defendant Walden") was, at all times relevant to this Complaint, a Senior Vice President at Venus.

5.     Defendants John and/or Jane Does 1-20 are fictitious names and represent individuals and/or business entities who/which may have had an ownership interest and/or control and/or management interest and/or were otherwise involved in the discrimination, harassment, and retaliation perpetrated against plaintiff, but whose identities cannot be ascertained as of the filing of this Complaint.  Plaintiff hereby reserves his right to amend this Complaint upon learning the true identities of such defendants through discovery or otherwise.

## BASIS OF JURISDICTION

6.     Despite having corporate offices in other parts of the country, such as California, North Carolina, and Florida, this Court has personal jurisdiction over defendant Venus by virtue of, *inter alia*, its systematic and continuous contacts and business operations within the State of New Jersey and the long arm[1] of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. §10:5-1, *et seq.*

7.     From the beginning through the end of Partridge's employment, he worked out of his home office in Paramus, New Jersey.  As such, the unlawful conduct upon which the claims in this action are based occurred while Partridge was in New Jersey.  As such circumstances make abundantly clear, the State of New Jersey has the most significant relationship to the facts of this action and also has the greatest interest in governing this action.

8.     Through Partridge's home office in Paramus, New Jersey, defendant Venus maintained a physical location in the State of New Jersey.  Moreover, defendant Venus derives substantial revenue from activities conducted within the State of New Jersey, including revenue

---

[1] In McDonnell v. State of Ill., 163 N.J. 298 (2000), the New Jersey Supreme Court confirmed that the long arm of the New Jersey Law Against Discrimination permits its courts to exercise broad jurisdiction over foreign defendants.

from Partridge's various business dealings, and has purposefully availed itself of the privilege of conducting activities within the State of New Jersey.  Due to such continuous and systematic contacts with the State of New Jersey, it is reasonable for defendant Venus to anticipate being subject to suit in New Jersey.

9.      As the foregoing paragraphs firmly establish, because New Jersey was Partridge's State of employment, the laws of the State of New Jersey are applicable to this action and further, due to defendant Venus' significant contacts with the State of New Jersey and the long arm of the LAD, this Court has personal jurisdiction over defendant Venus.

### FACTS COMMON TO ALL COUNTS

10.      During or around February 2011, Partridge commenced his employment with defendant Venus as a Regional Sales Director.

11.      Since such commencement and throughout the course of his employment, Partridge was a stellar, hard-working, and dedicated employee who maintained an unblemished, outstanding record of employment.

12.      As the result of such exceptional performance, Partridge earned the President's Club Award and was promoted to Senior Director of Sales for the North America National Account and then again to Vice President of Corporate Accounts.

13.      Without exaggeration, Partridge was an invaluable asset who made significant contributions to Venus.  In fact, according to defendant Walden, Partridge maintained the most profitable division in the company.

14.      Unfortunately, during or around April 2019, Partridge was diagnosed with prostate cancer.

15.     Despite such diagnosis, Partridge persevered and continued to perform his work duties to a high standard while also coming to terms with his new diagnosis and the brutal, agonizingly painful future he would soon endure.

16.     Subsequently, during or around January 2020, following many months of deliberation and struggle, Partridge's surgeon determined that he was healthy and strong enough to withstand prostate surgery.

17.     The surgery was scheduled for March 16, 2020.  Shortly thereafter, during or around January 2020, while conversing with defendant Walden, Partridge was pressured to postpone his surgery until after the end of the quarter [post March 31, 2020].  As a result, Partridge reluctantly rescheduled his surgery for April 6, 2020.

18.     During or around February 2020, Venus hired defendant Zaring as the company's new Chief Commercial Officer.

19.     Soon thereafter, defendant Zaring made several, offensive comments about his desire to "better the company" by terminating older employees and replacing them with "younger, pharma-looking people."

20.     On account of defendant Zaring's derogatory, ageist comments, Partridge, who is sixty-two (62) years old, began to fear that his position with the company may be in jeopardy.

21.     On or about March 13, 2020, although he knew Venus and defendant Walden were aware of his disability and upcoming surgery, Partridge advised defendant Zaring of same as Zaring was somewhat new to the Company and Partridge wanted to prevent any surprises.

22.     During such conversation, Partridge also expressed his concerns to defendant Zaring about a number of work-related issues he was experiencing, including the company's withholding of a substantial amount of commissions which were owed to him.

23.     Consequently, and within days of such conversation, defendant Zaring, on behalf of all named defendants, terminated Partridge because of his age and disability, and in clear retaliation for asserting his statutory and common law rights.

### FIRST CAUSE OF ACTION
**Age Discrimination**
**In Violation of the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1, *et seq.***
**against all defendants**

24.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

25.     Although plaintiff was performing his job at a level that met defendants' legitimate expectations, he was nevertheless harassed and discriminated against by defendants solely because of his age.

26.     As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer economic damage, severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress related ailments.

WHEREFORE, plaintiff demands judgment against all defendants for:

  i.      Compensatory damages;

  ii.     Non-compensatory damages;

  iii.    Emotional distress damages;

  iv.     Punitive damages;

  v.      Attorneys' fees;

  vi.     Costs;

  vii.    Interest; and

  viii.   Such other and further relief as the Court deems fair and equitable.

## SECOND CAUSE OF ACTION
**Discriminatory Termination**
**In Violation of the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1, *et seq.***
**against all defendants**

27.   Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

28.   Although plaintiff was performing his job duties in a manner that met and exceeded defendants' legitimate expectations, he was nonetheless terminated on account of his age and disability.

29.   As a direct and proximate result of defendants' discriminatory actions, plaintiff suffered and continues to suffer economic damage, severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress related ailments.

WHEREFORE, plaintiff demands judgment against all defendants for:

    i.    Compensatory damages;

    ii.    Non-compensatory damages;

    iii.    Emotional distress damages;

    iv.    Punitive damages;

    v.    Attorneys' fees;

    vi.    Costs;

    vii.    Interest; and

    viii.    Such other and further relief as the Court deems fair and equitable.

## THIRD CAUSE OF ACTION

**Retaliatory Termination for Requesting an Accommodation**
**In Violation of New Jersey Law Against Discrimination, N.J.S.A. §10:5-1, *et seq.***
**against all defendants**

30.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

31.     Defendants terminated plaintiff because he engaged in a protected activity by requesting a reasonable accommodation in the form of time off from work for his prostate surgery and there existed a causal link between such protected activity and the adverse employment decisions to which he was subjected.

32.     As a direct and proximate result of defendants' discriminatory actions, plaintiff suffered and continues to suffer economic damage, severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress related ailments.

WHEREFORE, plaintiff demands judgment against all defendants for:

     i.      Compensatory damages;

     ii.     Non-compensatory damages;

     iii.    Emotional distress damages;

     iv.    Punitive damages;

     v.     Attorneys' fees;

     vi.    Costs;

     vii.   Interest; and

     viii.  Such other and further relief as the Court deems fair and equitable.

## FOURTH CAUSE OF ACTION
### Retaliatory Termination
### In Violation of the Conscientious Employee Protection Act, N.J.S.A. §34:19-1, *et seq*.
### against all defendants

33.    Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

34.    Defendants terminated plaintiff because he engaged in a protected activity by complaining about defendants failure to properly and timely compensate him for earned wages, in violation of the New Jersey Wage Payment Law, and there existed a causal connection between such protected activity and the adverse employment action to which plaintiff was subjected.

35.    As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer economic damage, severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress related ailments.

WHEREFORE, plaintiff demands judgment against all defendants for:

     i.     Compensatory damages;

     ii.     Non-compensatory damages;

     iii.     Emotional distress damages;

     iv.     Punitive damages;

     v.     Attorneys' fees;

     vi.     Costs;

     vii.     Interest; and

     viii.     Such other and further relief as the Court deems fair and equitable.

## FIFTH CAUSE OF ACTION
### Failure to Pay Earned Commissions
### In Violation of the New Jersey Wage Payment Law, N.J.S.A. §34:11-4.2, *et seq.*
### against all defendants

36.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

37.     Defendant is unlawfully withholding the full amount of wages which plaintiff rightfully earned as commissions during his employment.

38.     To date, plaintiff is owed approximately One Hundred Seventy-Five Thousand ($175,000.00) Dollars in earned, accrued commissions, based upon his work performed on certain Venus accounts, identified as the LightRx account, Venus Skin account and West Coast Corporate accounts.

39.     The New Jersey Wage Payment Law requires employers to pay discharged employees all wages due, or a reasonable approximation of all commissions due, until the exact amount is computed, no later than the regular payday for the pay period in which he was discharged.

WHEREFORE, plaintiff demands judgment against all defendants for the full amount owed to him, which totals One Hundred Seventy-Five Thousand ($175,000.00) Dollars in earned, accrued commissions, as well as all other available relief.

## SIXTH CAUSE OF ACTION
### Aiding and Abetting
### In Violation of the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1, *et seq.*
### against all individually named defendants

40.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

41.     Individually named defendants including, but not limited to, defendants Walden and Zaring, aided and abetted in the unlawful discrimination, harassment, and retaliation set forth above.

42.     Individually named defendants including, but not limited to, defendants Walden and Zaring, performed wrongful acts which caused injury.

43.     Individually named defendants including, but not limited to, defendants Walden and Zaring, were generally aware of their roles as part of the overall illegal activity in which they engaged.

44.     Individually named defendants including, but not limited to, defendants Walden and Zaring, knowingly and substantially assisted in the violations set forth above.

45.     As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer economic damage, severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress related ailments.

WHEREFORE, plaintiff demands judgment against all individually named defendants for:

    i.     Compensatory damages;

    ii.     Non-compensatory damages;

    iii.     Emotional distress damages;

    iv.     Punitive damages;

    v.     Attorneys' fees;

    vi.     Costs;

    vii.     Interest; and

    viii.     Such other and further relief as the Court deems fair and equitable.

## SEVENTH CAUSE OF ACTION
### Aiding and Abetting
### In Violation of the Conscientious Employee Protection Act, N.J.S.A. § 34:19-3, e*t seq.*, against all individually named defendants

46.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

47.     Individually named defendants including, but not limited to, defendants Walden and Zaring, aided and abetted in the unlawful discrimination and harassment set forth above.

48.     Individually named defendants including, but not limited to, defendants Walden and Zaring, performed wrongful acts which caused injury.

49.     Individually named defendants including, but not limited to, defendants Walden and Zaring, were generally aware of their roles as part of the overall illegal activity in which they engaged.

50.     Individually named defendants including, but not limited to, defendants Walden and Zaring, knowingly and substantially assisted in the violations set forth above.

51.     As a direct and proximate result of defendants' aiding and abetting in the alleged discriminatory actions, plaintiff suffered and continues to suffer economic damage, severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress related ailments.

WHEREFORE, plaintiff demands judgment against all individually named defendants for:

    i.      Compensatory damages;

    ii.     Non-compensatory damages;

    iii.    Emotional distress damages;

    iv.    Punitive damages;

v.        Attorneys' fees;

vi.      Costs;

vii.     Interest; and

viii.    Such other and further relief as the Court deems fair and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury as to all issues in the above matter.

## DESIGNATION OF TRIAL COUNSEL

Marc W. Garbar is hereby designated as trial counsel pursuant to R. 4:25-4.

BRANDON J. BRODERICK, LLC

By:   *Marc W. Garbar*
      Marc W. Garbar, Esq.
      Attorneys for plaintiff

DATED: December 9, 2020

## CERTIFICATION PURSUANT TO R.4:5-1

I certify that the matter in controversy is not the subject of any other action pending in any court or a pending arbitration proceeding and that no such action or arbitration proceeding is contemplated. To plaintiffs' knowledge no other party should be joined in this action.

*Marc W. Garbar*
MARC W. GARBAR

DATED: December 9, 2020

**SUMMONS**

Attorney(s) <u>Brandon J. Broderick</u>

Office Address <u>65 State Route 4 East</u>

Town, State, Zip Code <u>River Edge</u>

<u>New Jersey, 07661</u>

Telephone Number <u>(201) 853-1505</u>

Attorney(s) for Plaintiff: <u>Marc W. Garbar</u>

<u>Richard Partridge</u>

Plaintiff(s)

vs.

<u>Venus Concept USA, Inc., *et al*.</u>

Defendant(s).

## Superior Court of New Jersey

<u>Bergen</u>              County

<u>Law</u>              Division

Docket No:<u>_____</u>

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

     The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*
<u>_____</u>
Clerk of the Superior Court

DATED: <u>December 9, 2020</u>

Name of Defendant to Be Served: <u>Venus Concept USA, Inc.</u>

Address of Defendant to Be Served: <u>1900 N Commerce Parkway, Suite 2, Weston, Florida 33326</u>

## SUMMONS

Attorney(s) <u>Brandon J. Broderick</u>

Office Address <u>65 State Route 4 East</u>

Town, State, Zip Code <u>River Edge</u>

<u>New Jersey, 07661</u>

Telephone Number (<u>201) 853-1505</u>

Attorney(s) for Plaintiff: <u>Marc W. Garbar</u>

<u>Richard Partridge</u>

Plaintiff(s)

vs.

<u>Venus Concept USA, Inc., *et al.*</u>

Defendant(s).

### Superior Court of New Jersey

<u>Bergen</u>               County

<u>Law</u>               Division

Docket No:_____

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

        The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*
_____
Clerk of the Superior Court

DATED: <u>December 9, 2020</u>

Name of Defendant to Be Served: <u>Chad Zaring</u>

Address of Defendant to Be Served: <u>c/o Venus Concept USA, Inc., 1900 N Commerce Parkway, Suite 2, Weston, Florida 33326</u>

## SUMMONS

Attorney(s) <u>Brandon J. Broderick</u>

Office Address <u>65 State Route 4 East</u>

Town, State, Zip Code <u>River Edge</u>

<u>New Jersey, 07661</u>

Telephone Number (<u>201) 853-1505</u>

Attorney(s) for Plaintiff: <u>Marc W. Garbar</u>

<u>Richard Partridge</u>

Plaintiff(s)

vs.

<u>Venus Concept USA, Inc., *et al.*</u>

Defendant(s).

### Superior Court of New Jersey

<u>Bergen</u>_____County

<u>Law</u>_____Division

Docket No:_____

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*
_____
Clerk of the Superior Court

DATED: <u>December 9, 2020</u>

Name of Defendant to Be Served: <u>David Walden</u>

Address of Defendant to Be Served: <u>c/o Venus Concept USA, Inc., 1900 N Commerce Parkway, Suite 2, Weston, Florida 33326</u>

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-007658-20

**Case Caption:** PARTRIDGE RICHARD  VS VENUS CONCEPT USA, I NC.

**Case Initiation Date:** 12/09/2020

**Attorney Name:** MARC WAYNE GARBAR

**Firm Name:** BRANDON J. BRODERICK, ESQ. LLC

**Address:** 65 EAST ROUTE 4 1ST FL

RIVER EDGE NJ 07661

**Phone:** 2018531505

**Name of Party:** PLAINTIFF : Partridge, Richard

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Richard Partridge?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO

   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO

   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/09/2020

Dated

/s/ MARC WAYNE GARBAR

Signed

Marc W. Garbar (NJ Bar No. 040621995)
**BRANDON J. BRODERICK LLC**
Attorneys for Plaintiff
65 State Route 4 East
River Edge, NJ 07661
(201) 853-1505

------------------------------------------------------x

| | |
|---|---|
| RICHARD PARTRIDGE, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: BERGEN COUNTY |
| Plaintiff, | DOCKET NO. BER-L-007658-20 |
| | |
| v. | CIVIL ACTION |
| | |
| VENUS CONCEPT USA, INC., | **AMENDED COMPLAINT AND** |
| CHAD ZARING, DOMENIC SERAFINO, | **DEMAND FOR TRIAL BY JURY** |
| ANNA GEORGIADIS, MICHELE THOMPSON, | |
| and JOHN AND/OR JANE DOES | |
| 1-20 (Names Being Fictitious), in | |
| their individual and corporate | |
| capacities, and as aiders and abettors, | |
| | |
| Defendants. | |

------------------------------------------------------x

Plaintiff, through his attorneys, Brandon J. Broderick, LLC, respectfully complains against

defendants, as follows:

## **THE PARTIES**

1.     Plaintiff, Richard Partridge ("plaintiff" or "Partridge"), is an individual residing in

the State of New Jersey and can be reached through his attorneys at 65 State Route 4 East, River

Edge, New Jersey 07661.

2.     Defendant, Venus Concept USA, Inc. ("Venus" or "defendant Venus"), is a

corporation with substantial operations in the State of New Jersey.

3.     Upon information and belief, defendant Chad Zaring ("Zaring" or "defendant

Zaring") was, at all times relevant to this Complaint, Venus' Chief Commercial Officer.

1

4.    Upon information and belief, defendant Domenic Serafino ("Serafino" or "defendant Serafino") was, at all times relevant to this Complaint, Chairman and Chief Executive Officer at Venus.

5.    Upon information and belief, defendant Anna Georgiadis ("Georgiadis" or "defendant Georgiadis") was, at all times relevant to this Complaint, Vice President of Global Human Resources at Venus.

6.    Upon information and belief, defendant Michele Thompson ("Thompson" or "defendant Thompson") was, at all times relevant to this Complaint, Manager of Human Resources at Venus.

7.    Defendants John and/or Jane Does 1-20 are fictitious names and represent individuals and/or business entities who/which may have had an ownership interest and/or control and/or management interest and/or were otherwise involved in the discrimination, harassment, and retaliation perpetrated against plaintiff, but whose identities cannot be ascertained as of the filing of this Complaint.  Plaintiff hereby reserves his right to amend this Complaint upon learning the true identities of such defendants through discovery or otherwise.

## **BASIS OF JURISDICTION**

8.    Despite having corporate offices in other parts of the country, such as California, North Carolina, and Florida, this Court has personal jurisdiction over defendant Venus by virtue of, *inter alia*, its systematic and continuous contacts and business operations within the State of New Jersey and the long arm[1] of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. §10:5-1, *et seq.*

---

[1] In McDonnell v. State of Ill., 163 N.J. 298 (2000), the New Jersey Supreme Court confirmed that the long arm of the New Jersey Law Against Discrimination permits its courts to exercise broad jurisdiction over foreign defendants.

9.     From the beginning through the end of Partridge's employment, he worked out of his home office in Paramus, New Jersey.  As such, the unlawful conduct upon which the claims in this action are based occurred while Partridge was in New Jersey.  As such circumstances make abundantly clear, the State of New Jersey has the most significant relationship to the facts of this action and also has the greatest interest in governing this action.

10.     Through Partridge's home office in Paramus, New Jersey, defendant Venus maintained a physical location in the State of New Jersey.  Moreover, defendant Venus derives substantial revenue from activities conducted within the State of New Jersey, including revenue from Partridge's various business dealings, and has purposefully availed itself of the privilege of conducting activities within the State of New Jersey.  Due to such continuous and systematic contacts with the State of New Jersey, it is reasonable for defendant Venus to anticipate being subject to suit in New Jersey.

11.     As the foregoing paragraphs firmly establish, because New Jersey was Partridge's State of employment, the laws of the State of New Jersey are applicable to this action and further, due to defendant Venus' significant contacts with the State of New Jersey and the long arm of the LAD, this Court has personal jurisdiction over defendant Venus.

## FACTS COMMON TO ALL COUNTS

12.     During or around February 2011, Partridge commenced his employment with defendant Venus as a Regional Sales Director.

13.     Since such commencement and throughout the course of his employment, Partridge was a stellar, hard-working, and dedicated employee who maintained an unblemished, outstanding record of employment.

14.     As the result of such exceptional performance, Partridge earned the President's Club Award and was promoted to Senior Director of Sales for the North America National Account and then again to Vice President of Corporate Accounts.

15.     Without exaggeration, Partridge was an invaluable asset who made significant contributions to Venus.   In fact, according to management, Partridge maintained the most profitable division in the company.

16.     Unfortunately, during or around April 2019, Partridge was diagnosed with prostate cancer.

17.     Despite such diagnosis, Partridge persevered and continued to perform his work duties to a high standard while also coming to terms with his new diagnosis and the brutal, agonizingly painful future he would soon endure.

18.     Subsequently, during or around January 2020, following many months of deliberation and struggle, Partridge's surgeon determined that he was healthy and strong enough to withstand prostate surgery.

19.     The surgery was scheduled for March 16, 2020.   Shortly thereafter, during or around January 2020, while conversing with management, Partridge was pressured to postpone his surgery until after the end of the quarter [post March 31, 2020].   As a result, Partridge reluctantly rescheduled his surgery for April 6, 2020.

20.     During or around February 2020, Venus hired defendant Zaring as the company's new Chief Commercial Officer.

21.     Soon thereafter, defendant Zaring made several, offensive comments about his desire to "better the company" by terminating older employees and replacing them with "younger, pharma-looking people."

4

22.     On account of defendant Zaring's derogatory, ageist comments, Partridge, who is sixty-two (62) years old, began to fear that his position with the company may be in jeopardy.

23.     On or about March 13, 2020, although he knew Venus and defendant Serafino (who was part of management) were aware of his disability and upcoming surgery, Partridge advised defendant Zaring of same as Zaring was somewhat new to the Company and Partridge wanted to prevent any surprises.

24.     During such conversation, Partridge also expressed his concerns to defendant Zaring about a number of work-related issues he was experiencing, including the company's withholding of a substantial amount of commissions which were owed to him.

25.     Consequently, and within days of such conversation, defendants Georgiadis and Thompson, on behalf of all defendants, terminated Partridge because of his age and disability, and in clear retaliation for asserting his statutory and common law rights.

## FIRST CAUSE OF ACTION
### Age and Disability Discrimination
### In Violation of the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1, *et seq.* against all defendants

26.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

27.     Although plaintiff was performing his job at a level that met defendants' legitimate expectations, he was nevertheless harassed and discriminated against by defendants because of his age and disability.

28.     As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer economic damage, severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress related ailments.

WHEREFORE, plaintiff demands judgment against all defendants for:

    i.      Compensatory damages;

    ii.      Non-compensatory damages;

    iii.      Emotional distress damages;

    iv.      Punitive damages;

    v.      Attorneys' fees;

    vi.      Costs;

    vii.      Interest; and

    viii.      Such other and further relief as the Court deems fair and equitable.

## SECOND CAUSE OF ACTION
### Discriminatory Termination
### In Violation of the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1, *et seq.* against all defendants

29.    Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

30.    Although plaintiff was performing his job duties in a manner that met and exceeded defendants' legitimate expectations, he was nonetheless terminated on account of his age and disability.

31.    As a direct and proximate result of defendants' discriminatory actions, plaintiff suffered and continues to suffer economic damage, severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress related ailments.

WHEREFORE, plaintiff demands judgment against all defendants for:

    i.      Compensatory damages;

    ii.      Non-compensatory damages;

  iii.   Emotional distress damages;

  iv.   Punitive damages;

  v.   Attorneys' fees;

  vi.   Costs;

  vii.   Interest; and

  viii.   Such other and further relief as the Court deems fair and equitable.

## **THIRD CAUSE OF ACTION**
**Retaliatory Termination for Requesting an Accommodation**
**In Violation of New Jersey Law Against Discrimination, N.J.S.A. §10:5-1, *et seq.***
**against all defendants**

32. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

33. Defendants terminated plaintiff because he engaged in a protected activity by requesting a reasonable accommodation in the form of time off from work for his prostate surgery and there existed a causal link between such protected activity and the adverse employment decisions to which he was subjected.

34. As a direct and proximate result of defendants' discriminatory actions, plaintiff suffered and continues to suffer economic damage, severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress related ailments.

WHEREFORE, plaintiff demands judgment against all defendants for:

  i.   Compensatory damages;

  ii.   Non-compensatory damages;

  iii.   Emotional distress damages;

  iv.   Punitive damages;

| | |
|---|---|
| v. | Attorneys' fees; |
| vi. | Costs; |
| vii. | Interest; and |
| viii. | Such other and further relief as the Court deems fair and equitable. |

### FOURTH CAUSE OF ACTION
**Retaliatory Termination**
**In Violation of the Conscientious Employee Protection Act, N.J.S.A. §34:19-1, *et seq*.**
**against all defendants**

35.    Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

36.    Defendants terminated plaintiff because he engaged in a protected activity by complaining about defendants' failure to properly and timely compensate him for earned wages, in violation of the New Jersey Wage Payment Law, and there existed a causal connection between such protected activity and the adverse employment action to which plaintiff was subjected.

37.    As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer economic damage, severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress related ailments.

WHEREFORE, plaintiff demands judgment against all defendants for:

| | |
|---|---|
| i. | Compensatory damages; |
| ii. | Non-compensatory damages; |
| iii. | Emotional distress damages; |
| iv. | Punitive damages; |
| v. | Attorneys' fees; |
| vi. | Costs; |

vii.    Interest; and

viii.   Such other and further relief as the Court deems fair and equitable.

## FIFTH CAUSE OF ACTION
### Failure to Pay Earned Commissions
### In Violation of the New Jersey Wage Payment Law, N.J.S.A. §34:11-4.2, *et seq.*
### against all defendants

38.    Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

39.    Defendant is unlawfully withholding the full amount of wages which plaintiff rightfully earned as commissions during his employment.

40.    To date, plaintiff is owed approximately One Hundred Seventy-Five Thousand ($175,000.00) Dollars in earned, accrued commissions, based upon his work performed on certain Venus accounts, identified as the LightRx account, Venus Skin account and West Coast Corporate accounts.

41.    The New Jersey Wage Payment Law requires employers to pay discharged employees all wages due, or a reasonable approximation of all commissions due, until the exact amount is computed, no later than the regular payday for the pay period in which he was discharged.

WHEREFORE, plaintiff demands judgment against all defendants for the full amount owed to him, which totals One Hundred Seventy-Five Thousand ($175,000.00) Dollars in earned, accrued commissions, as well as all other available relief.

**SIXTH CAUSE OF ACTION**

**Aiding and Abetting**

**In Violation of the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1,** *et seq.*

**against all individually named defendants**

42.    Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

43.    Individually named defendants including, but not limited to, defendants Zaring, Serafino, Georgiadis, and Thompson, aided and abetted in the unlawful discrimination, harassment, and retaliation set forth above.

44.    Individually named defendants including, but not limited to, defendants Zaring, Serafino, Georgiadis, and Thompson, performed wrongful acts which caused injury.

45.    Individually named defendants including, but not limited to, defendants Zaring, Serafino, Georgiadis, and Thompson, were generally aware of their roles as part of the overall illegal activity in which they engaged.

46.    Individually named defendants including, but not limited to, defendants Zaring, Serafino, Georgiadis, and Thompson, knowingly and substantially assisted in the violations set forth above.

47.    As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer economic damage, severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress related ailments.

WHEREFORE, plaintiff demands judgment against all individually named defendants for:

    i.    Compensatory damages;

    ii.    Non-compensatory damages;

    iii.    Emotional distress damages;

iv.     Punitive damages;

v.      Attorneys' fees;

vi.     Costs;

vii.    Interest; and

viii.   Such other and further relief as the Court deems fair and equitable.

**SEVENTH CAUSE OF ACTION**
**Aiding and Abetting**
**In Violation of the Conscientious Employee Protection Act, N.J.S.A. § 34:19-3, e*t seq.*,**
**against all individually named defendants**

48.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

49.     Individually named defendants including, but not limited to, defendants Zaring, Serafino, Georgiadis, and Thompson, aided and abetted in the unlawful discrimination and harassment set forth above.

50.     Individually named defendants including, but not limited to, defendants Zaring, Serafino, Georgiadis, and Thompson, performed wrongful acts which caused injury.

51.     Individually named defendants including, but not limited to, defendants Zaring, Serafino, Georgiadis, and Thompson, were generally aware of their roles as part of the overall illegal activity in which they engaged.

52.     Individually named defendants including, but not limited to, defendants Zaring, Serafino, Georgiadis, and Thompson, knowingly and substantially assisted in the violations set forth above.

53.     As a direct and proximate result of defendants' aiding and abetting in the alleged discriminatory actions, plaintiff suffered and continues to suffer economic damage, severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression,

embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering,

and other stress related ailments.

WHEREFORE, plaintiff demands judgment against all individually named defendants for:

     i.     Compensatory damages;

     ii.     Non-compensatory damages;

     iii.     Emotional distress damages;

     iv.     Punitive damages;

     v.     Attorneys' fees;

     vi.     Costs;

     vii.     Interest; and

     viii.     Such other and further relief as the Court deems fair and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury as to all issues in the above matter.

## DESIGNATION OF TRIAL COUNSEL

Marc W. Garbar is hereby designated as trial counsel pursuant to R. 4:25-4.

BRANDON J. BRODERICK, LLC

By:    *Marc W. Garbar*
        Marc W. Garbar, Esq.
        Attorneys for plaintiff

DATED: December 10, 2020

## <u>CERTIFICATION PURSUANT TO R.4:5-1</u>

I certify that the matter in controversy is not the subject of any other action pending in any court or a pending arbitration proceeding and that no such action or arbitration proceeding is contemplated.  To plaintiffs' knowledge no other party should be joined in this action.


*Marc W. Garbar*
MARC W. GARBAR

DATED: December 10, 2020

**SUMMONS**

Attorney(s) <u>Brandon J. Broderick</u>

Office Address <u>65 State Route 4 East</u>

Town, State, Zip Code <u>River Edge</u>

<u>New Jersey, 07661</u>

Telephone Number <u>(201) 853-1505</u>

Attorney(s) for Plaintiff: <u>Marc W. Garbar</u>

<u>Richard Partridge</u>

Plaintiff(s)

vs.

<u>Venus Concept USA, Inc., *et al*.</u>

Defendant(s).

**Superior Court of
New Jersey**

<u>Bergen</u>                    County

<u>Law</u>                         Division

Docket No:<u>                        </u>

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*
<u>                                        </u>
Clerk of the Superior Court

DATED: <u>December 10, 2020</u>

Name of Defendant to Be Served: <u>Venus Concept USA, Inc.</u>

Address of Defendant to Be Served: <u>1900 N Commerce Parkway, Suite 2, Weston, Florida 33326</u>

**SUMMONS**

Attorney(s) <u>Brandon J. Broderick</u>

Office Address <u>65 State Route 4 East</u>

Town, State, Zip Code <u>River Edge</u>

<u>New Jersey, 07661</u>

Telephone Number (<u>201) 853-1505</u>

Attorney(s) for Plaintiff: <u>Marc W. Garbar</u>

<u>Richard Partridge</u>

Plaintiff(s)

vs.

<u>Venus Concept USA, Inc., *et al.*</u>

Defendant(s).

**Superior Court of
New Jersey**

<u>Bergen</u>            County

<u>Law</u>            Division

Docket No:_____

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

<u>*Michelle M. Smith*</u>

Clerk of the Superior Court

DATED: <u>December 10, 2020</u>

Name of Defendant to Be Served: <u>Chad Zaring</u>

Address of Defendant to Be Served: <u>c/o Venus Concept USA, Inc., 1900 N Commerce Parkway, Suite 2, Weston, Florida 33326</u>

## SUMMONS

Attorney(s) <u>Brandon J. Broderick</u>

Office Address <u>65 State Route 4 East</u>

Town, State, Zip Code <u>River Edge</u>

<u>New Jersey, 07661</u>

Telephone Number (<u>201) 853-1505</u>

Attorney(s) for Plaintiff: <u>Marc W. Garbar</u>

<u>Richard Partridge</u>

Plaintiff(s)

vs.

<u>Venus Concept USA, Inc., *et al.*</u>

Defendant(s).

**Superior Court of New Jersey**

<u>Bergen</u>            County

<u>Law</u>            Division

Docket No:_____

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*

Clerk of the Superior Court

DATED: <u>December 10, 2020</u>

Name of Defendant to Be Served: <u>Domenic Serafino</u>

Address of Defendant to Be Served: <u>c/o Venus Concept USA, Inc., 1900 N Commerce Parkway, Suite 2, Weston, Florida 33326</u>

**SUMMONS**

Attorney(s) <u>Brandon J. Broderick</u>

Office Address <u>65 State Route 4 East</u>

Town, State, Zip Code <u>River Edge</u>

<u>New Jersey, 07661</u>

Telephone Number (<u>201) 853-1505</u>

Attorney(s) for Plaintiff: <u>Marc W. Garbar</u>

<u>Richard Partridge</u>

Plaintiff(s)

vs.

<u>Venus Concept USA, Inc., *et al.*</u>

Defendant(s).

## Superior Court of New Jersey

<u>Bergen</u>             County

<u>Law</u>              Division

Docket No:_____

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*
_____
Clerk of the Superior Court

DATED: <u>December 10, 2020</u>

Name of Defendant to Be Served: <u>Anna Georgiadis</u>

Address of Defendant to Be Served: <u>c/o Venus Concept USA, Inc., 1900 N Commerce Parkway, Suite 2, Weston, Florida 33326</u>

**SUMMONS**

Attorney(s) <u>Brandon J. Broderick</u>

Office Address <u>65 State Route 4 East</u>

Town, State, Zip Code <u>River Edge</u>

<u>New Jersey, 07661</u>

Telephone Number (<u>201) 853-1505</u>

Attorney(s) for Plaintiff: <u>Marc W. Garbar</u>

<u>Richard Partridge</u>

Plaintiff(s)

vs.

<u>Venus Concept USA, Inc., *et al*.</u>

Defendant(s).

**Superior Court of
New Jersey**

<u>Bergen</u>              County

<u>Law</u>              Division

Docket No:_____

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle M. Smith*

Clerk of the Superior Court

DATED: <u>December 10, 2020</u>

Name of Defendant to Be Served: <u>Michele Thompson</u>

Address of Defendant to Be Served: <u>c/o Venus Concept USA, Inc., 1900 N Commerce Parkway, Suite 2, Weston, Florida 33326</u>